J-S54030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCIS SHARIDE DINKINS | : | |
| | : | |
| Appellant | : | No. 282 MDA 2020 |

Appeal from the PCRA Order Entered January 29, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003121-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCIS SHARIDE DINKINS | : | |
| | : | |
| Appellant | : | No. 283 MDA 2020 |

Appeal from the PCRA Order Entered January 29, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003454-2016

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED MARCH 25, 2021**

Francis Sharide Dinkins appeals *pro se* from the order entered on January 29, 2020, which dismissed his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The trial court accurately summarized the facts as follows:

> In the early morning hours of June 10, 2016, [Dinkins] attended a party on the 500 block of North Plum Street in Lancaster, Pennsylvania. While at the party, [Dinkins] had

a dispute with another attendee. The attendee and four others left the party, entered their car parked in the driveway, and prepared to leave. [Dinkins] exited the house, removed a firearm from his person, and began firing at the vehicle and the five occupants. Two of the occupants were wounded. Kione White was struck in the right arm and right thigh. Ryan Rivera was struck in the left arm. Both individuals received emergency medical treatment for the gunshot wounds.

Later the same day, officers reported to 519 East End Avenue in Lancaster, Pennsylvania, the residence of [Dinkins], to investigate the shooting that took place earlier. [Dinkins] was found at the residence with a firearm, which was later confirmed to be the firearm used in the earlier shooting. Also found at [Dinkins'] residence was approximately 162 grams of marijuana, scales for weighing the marijuana, and small plastic bags used for packaging marijuana for sale. [Dinkins] was then taken into police custody.

Trial Court Opinion, filed 6/24/20, at 1-2 (citations to record omitted).

Dinkins was charged with two counts of Aggravated Assault, four counts of Recklessly Endangering Another Person, one count of Discharge of a Firearm into an Occupied Structure, two counts of Persons Not to Possess a Firearm, one count of Possession with Intent to Deliver, and one count of Use or Possession of Drug Paraphernalia.[1] On February 3, 2017, Dinkins pled guilty to all eleven counts and, pursuant to the negotiated guilty plea, received an aggregate sentence of ten to twenty years' incarceration. Dinkins appealed and we affirmed his judgment of sentence. ***Commonwealth v. Dinkins***, No. 407 MDA 2017 (Pa.Super. filed June 5, 2018) (unpublished memorandum).

---

[1] 18 Pa.C.S.A. § 2702(a)(1), 18 Pa.C.S.A. § 2705, 18 Pa.C.S.A. § 2707.1(a), 18 Pa.C.S.A. § 6105(a)(1), 35 P.S. § 780-113(a)(30), and 35 P.S. § 780-113(a)(32), respectively.

On August 2, 2019, Dinkins filed a counseled PCRA petition, his first. Dinkins thereafter filed a motion for a change of appointed counsel. The PCRA court held a **Grazier**[2] hearing on November 21, 2019, in which Dinkins was given the choice of either retaining his appointed counsel or waiving his right to counsel and proceeding *pro se*. Dinkins requested to proceed *pro se* and the court determined that Dinkins knowingly, intelligently, and voluntarily waived his right to counsel. Dinkins filed an amended PCRA petition, which was dismissed as meritless. This timely appeal followed.

Dinkins raises the following issues:

1. Did the PCRA court err[] in allowing the [trial] court's abuse of [discretion] and err[] in applying the Deadly Weapon enhancment [sic] "Used," which violated the Pennsylvania Uniform Firearm Act[?]

2. Did[] the PCRA [c]ourt err[] in allowing the trial court's abuse of [discretion] in allowing a plea of guilty to a sentence based on the mandatory minimum sentencing enhancement [42 Pa.C.S.A.] § 9712[?]

3. Did the [PCRA] court err[] in allowing the [trial] [c]ourt to abuse it[s] discretion and err[] in applying the mandatory recidivist enhancement under [18 Pa.C.S.A. § 7508?]

4. Did the PCRA court err[] in allowing appellate [counsel] to be ineffective for failing to raise the ineffectiveness of trial counsel for coercing the plea of guilty to an illegal sentence[?]

5. Did the PCRA court err[] in allowing appellate counsel to be ineffective for not [raising] the ineffectiveness of trial counsel for not objecting to the trial court's abuse of discretion and err[] in allowing a plea of guilty to a

_____

[2] **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998).

sentence based on the mandatory minimum sentencing enhancement [42 Pa.C.S.A.] § 9712[?]

6. Did[] the PCRA court err[] in allowing appellate counsel to be ineffective for not raising the ineffectiveness of trial counsel for not objecting to the trial court's abuse of discretion and err[] in applying the mandatory recidivist enhancement under [18 Pa.C.S.A. § 7508?]

7. Did the [PCRA c]ourt err[] in [allowing] trial counsel to be ineffective for coercing a plea of guilty to an illegal sentence[?]

8. Did the PCRA court err[] in allowing trial counsel to be [ineffective] for not objecting to trial court's abuse of [discretion] in allowing a plea of guilty to a sentence based on the mandatory minimum sentencing enhancement [42 Pa.C.S.A.] § 9712[?]

9. Did the PCRA [c]ourt err[] in allowing trial counsel to be ineffective for not objecting to the trial court's abuse of [discretion] and err[] in applying the mandaotry [sic] minimum recidivist enahancement [sic] under [18 Pa.C.S.A. § 7508?]

Dinkins' Br. at "Issues Presented" (unpaginated) (citations to exhibits omitted).

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Beatty*, 207 A.3d 957, 960-61 (Pa.Super. 2019). "We afford the court's factual findings deference unless there is no support for them in the certified record." *Commonwealth v. Greco*, 203 A.3d 1120, 1123 (Pa.Super. 2019).

Preliminarily, we observe that Dinkins' *pro se* brief includes rambling and repetitive discussions that are intermixed among the various issues he

has presented. "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa.Super. 2005) (citing **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa.Super. 2003)). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa.Super. 2007), *appeal denied*, 940 A.2d 362 (Pa. 2008) (internal citations omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Id.** If a deficient brief impedes this Court's ability to address any issue on review, "an issue that is not properly briefed in this manner is considered waived." **Commonwealth v. Gould**, 912 A.2d 869, 873 (Pa.Super. 2006).

To the extent that we are able to discern from his brief, Dinkins' first three issues purport to claim that the trial court imposed an excessive sentence and incorrectly applied sentence enhancements, which implicate the discretionary aspects of Dinkins' sentence. **See Commonwealth v. Tavarez**, 174 A.3d 7, 9-10 (Pa.Super. 2017), *appeal denied*, 189 A.3d 385 (Pa. 2018); **Commonwealth v. Rhoades**, 8 A.3d 912, 915-16 (Pa.Super. 2010); **Commonwealth v. Lutes**, 793 A.2d 949, 964 (Pa.Super. 2002).

A direct challenge to the discretionary aspects of sentencing is not cognizable under the PCRA. **Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa.Super. 2007). The PCRA court properly rejected this claim.

Dinkins' remaining issues allege ineffectiveness of trial and appellate counsel for failing to challenge the discretionary aspects of his sentence. Dinkins claims that trial counsel was ineffective for failing to file a post-sentence motion raising the sentencing issues, and that appellate counsel was ineffective for failing to raise the effectiveness of trial counsel.

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa.Super. 2010). In order to succeed on a claim that counsel was ineffective, a petitioner must show that: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014).

Dinkins' underlying challenge to the discretionary aspects of his sentence has no merit. Dinkins entered into a negotiated plea agreement and the trial court entered the agreed-upon sentence. In affirming Dinkins' judgment of sentence, we stated that "[w]here a defendant enters into a negotiated plea agreement that includes the terms of the sentence, he[] or she may not seek a discretionary appeal relating to those agreed-upon terms." **Dinkins**, No. 407 MDA 2017, unpublished memorandum at 9 (citing **Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa.Super. 2009), *appeal*

*denied*, 990 A.2d 726 (Pa. 2010) and ***Commonwealth v. Dalberto***, 648 A.2d 16, 20 (Pa.Super. 1994)). As counsel cannot be ineffective for failing to raise meritless claims, Dinkins' ineffectiveness claims fail.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/25/2021